5 F.3d 548
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Dwight Christian VACCARO, a/k/a Darryl Williams, Defendant-Appellant.
 No. 93-6023.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 23, 1993.
 
 Before LOGAN, MOORE, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Vaccaro appeals his sentence asserting the sentencing court's finding that Mr. Vaccaro was involved with more than fifteen kilograms of cocaine for sentencing purposes was clearly erroneous. We have reviewed the record and determined the sentencing court's finding was supported by substantial evidence and we affirm.
 
 
 3
 Mr. Vaccaro was convicted of one count of possession with intent to distribute in excess of five kilograms of cocaine and the manufacture of cocaine.[2] Generally speaking, the evidence showed that Mr. Vaccaro employed women drug couriers whose job was to fly cocaine from southern California to Oklahoma City and then return to southern California with the cash.
 
 
 4
 Upon remand for resentencing, the trial court examined the testimony of three of the drug couriers, Ms. Markham, Ms. Tipton and Ms. Little Ax. The trial court found Ms. Markham testified she made eight trips carrying a total of eight kilograms of cocaine; Ms. Tipton testified she made five trips carrying seven kilograms of cocaine; and Ms. Little Ax testified she made four trips carrying a total of four kilograms of cocaine. The trial court has found Mr. Vaccaro responsible for nineteen kilograms of cocaine and set the base offense level accordingly.
 
 
 5
 We have examined the record on appeal containing the trial testimony of the three couriers. Ms. Tipton testified she made five or six trips to California, twice bringing back two kilograms of cocaine and for the remaining trips she brought back one kilogram of cocaine. Thus, Ms. Tipton testified to carrying seven to eight kilograms. Ms. Markham estimated she made eight trips, once carrying two kilograms and seven times carrying one kilogram. Ms. Markham's testimony could support a total of nine kilograms of cocaine. Ms. Little Ax testified she made six trips carrying two packages each time.
 
 
 6
 Mr. Vaccaro's base offense level and thus his sentence was predicated upon Mr. Vaccaro's transportation and distribution of fifteen kilograms of cocaine. The sworn testimony of the three women couriers described above clearly attributes in excess of fifteen kilograms of cocaine to Mr. Vaccaro's action.
 
 
 7
 Mr. Vaccaro addresses arguments to us more properly addressed to the sentencing court who was the fact finder. Mr. Vaccaro argues this testimony is too speculative as it is based upon estimates. He asserts the witnesses are not credible as they wished to please only the prosecutor. The trial court specifically stated he believed the testimony of the three couriers.
 
 
 8
 We are not persuaded by these arguments. First, the credibility of the witnesses is a question for the trial court, not the appellate court. Second, a trial court may rely upon a witness' estimate providing it possesses a sufficient indicia of reliability to support its accuracy. In the case before us, the only estimates were the number of trips. The number of trips described was corroborated with airline tickets and motel receipts for the witnesses. This evidence fully supports the witnesses' estimates. Finally, Ms. Little Ax did not testify as to any quantities, only as to the number of packages she carried; however, Mr. Vaccaro acknowledged there exists sufficient evidence to show it was at least six and one-half pounds which would equal over three kilograms. Without worrying about the ultimate total, the evidence clearly establishes more than fifteen kilograms of cocaine.
 
 
 9
 When a trial court judges a quantity of drugs for sentencing purposes, it employs a preponderance of evidence standard which simply means the evidence as a whole shows the fact sought to be proved is more probable than not. This is the same standard employed in a civil case. When this court examines the factual findings of a sentencing court, we employ the clearly erroneous standard which simply means we examine the record to determine if the sentencing court's factual findings are supported by substantial evidence. Facts crucial to sentencing need not be proven with mathematical certainty nor beyond a reasonable doubt. The law requires only substantial support for the findings in the record. The sentencing court's findings are so supported.
 
 
 10
 Mr. Vaccaro next asserts that in his first appeal this court stated that "witnesses testified that the couriers made eleven trips from Oklahoma to Los Angeles." He argues this negates the trial court's findings or at least limits the findings to eleven trips. There can be no doubt there exists a facial disparity; however, this court in the first appeal was dealing with guilt or innocence which is measured by the "beyond reasonable doubt" standard, while the present matter is concerned with sentencing which is measured by the "preponderance of evidence" standard. The differing standards permit differing findings.
 
 
 11
 The judgment and sentence of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 See United States v. Vaccaro, No. 89-6317 (10th Cir. Oct. 11, 1991), an unpublished Order and Judgment where we reversed a third count and remanded for resentencing